UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID PAUL JOHNSON,
MARSHALL WALTER JOHNSON, and
PAMELA MICHELLE JOHNSON,

    Plaintiffs,                        CASE NO. 04-CV-10346

v.

STATE OF MICHIGAN,                     DISTRICT JUDGE THOMAS L. LUDINGTON
U.S. DEPARTMENT OF HOUSING AND     MAGISTRATE JUDGE CHARLES E. BINDER
    URBAN DEVELOPMENT,
STATE OF OHIO,
MICHIGAN STATE HOUSING
    DEVELOPMENT AUTHORITY,
MICHIGAN FAMILY INDEPENDENCE
    AGENCY,
COUNTY OF GLADWIN,
COUNTY OF ROSCOMMON,
ROSCOMMON COUNTY HOUSING
    COMMISSION,
GABRIELA EYAL,
ROSS OLDENBURG,
MIDLAND/GLADWIN COMMUNITY
    MENTAL HEALTH,
SPARROW HOSPITAL,
RON MORLEY,
CLARE/GLADWIN INTERMEDIATE
    SCHOOL SYSTEM,
WAYNE SIMMONS,
LYNN JOHNSON,
HANNELORE DYSINGER,
MARY LUDWIG,
CLARENCE STONE,
STEVEN LUDWIG,
DAN SYKES,
REGINA CASHEN,
MOHAMMED SYED,
KATHY ZIEMER,
MICHAEL SMITH,
DAVE O'DELL,
THOMAS I. KRECKMAN,
MICHAEL MISHIC,

PAUL J. PEMBERTON,
GREGORY MIZE,
THOMAS R. EVANS,
THOMAS McLAUGHLIN,
MICHAEL BAUMGARTNER,
GARY J. ALLEN,
KURT HANSSEN,
ESTATE OF CAROL REYNOLDS,
ESTATE OF JAMES KURTZ, and
JOHN DOES 1-29,

    Defendants.
_____/

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

## I. RECOMMENDATION

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. REPORT

### A. Introduction

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned Magistrate Judge for general case management on March 11, 2008.

According to the docket, this case was initiated in December 2004 by the filing of an "Application for Waiver of Costs in U.S. Federal Court." (Dkt. 1.) At that time, the case was assigned to U.S. District Judge David M. Lawson. On February 8, 2005, Judge Lawson entered an order denying the application without prejudice, noting that the application did not contain sufficient information from which to determine whether to grant pauper status to the plaintiffs.

Plaintiffs never corrected the deficiency. The next docket entry is the reassignment of the case from Judge Lawson to Judge Thomas L. Ludington, which occurred on September 12, 2006, (Dkt. 3), followed by the recent order of reference. (Dkt. 4.)

**B.     Prior 2003 Case**

I note that in 2003, Plaintiffs David, Marshall, and Pamela Johnson filed a case with a list of defendants nearly identical to those listed in this case. (*See Johnson v. Michigan State*, No. 03-CV-10005.) In the 2003 case, the allegations in the complaint indicated that Plaintiff Marshall Johnson was a minor, and that Plaintiff Pamela Johnson had been declared incompetent by a Michigan court. Plaintiff David Johnson was therefore informed in an order for further proceedings that the law does not allow minors or incompetent persons to proceed as *pro se* plaintiffs without legal representation. Accordingly, on February 28, 2003, this Court entered an order staying the case to give Plaintiff David Johnson time to locate counsel to represent Pamela and Marshall. No response was received, and the case was therefore dismissed for failure to prosecute pursuant to Rule 41(b) and E.D. Mich. LR 41.2.

**C.     Discussion**

As with the 2003 case, I suggest that Plaintiffs have failed to diligently prosecute this action and that it therefore should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of

3

a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, more than three years have passed since Judge Lawson issued the order denying without prejudice the application to proceed IFP, and Plaintiffs have neither re-applied nor paid the filing fee. Accordingly, because I find that Plaintiffs have not made a meaningful effort to prosecute this lawsuit in a diligent manner, I suggest that it be dismissed *sua sponte* for failure to prosecute.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(C). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health &*

4

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                 s/ Charles E. Binder
                                                 CHARLES E. BINDER
Dated: March 21, 2008                            United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served on David Paul Johnson by first class mail and served on U.S. District Judge Ludington in the traditional manner.

Date: March 21, 2008                      By     s/Mimi D. Bartkowiak
                                                Law Clerk to Magistrate Judge Binder